**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OAK LANE PRINTING & LETTER SERVICE,:** | | |
| **INC., t/a OAK LANE PRINTING, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | |
| **ATLANTIC MUTUAL INSURANCE** | : | **NO. 04-3301** |
| **COMPANY,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **HARTFORD STEAM BOILER INSPECTION** | : | |
| **& INSURANCE COMPANY,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER**

Presently before this Court are Plaintiff's Motion to Compel Full and Complete Answers

to Plaintiff's Request for Production of Documents 1-22 and Compel Production of Documents

(Doc. 45), Defendants' Motion to Compel Deposition Testimony (Doc. 43), and Plaintiff's

Countermotion to Compel (Doc. 46).  For the reasons set forth below, upon consideration of the

parties' motions, this Court will deny Plaintiff's Motion to Compel and deny as moot Defendant's

Motion to Compel and Plaintiff's Countermotion to Compel.

**I.    Brief Factual Background**

Plaintiff, Oak Lane Printing & Letter Service ("Oak Lane") is a commercial printer that

provides "high quality printing services" using "high performance" equipment.  Defendants

Atlantic Mutual Insurance Company ("Atlantic Mutual") and Hartford Steam Boiler Inspection &

Insurance Company ("HSB" of "Hartford") are both insurance companies that insured Oak

Lane's equipment.  Both Atlantic Mutual and HBS issued policies covering property damage to

the printing press.[1]  On March 20, 2002, one of Oak Lane's printing presses suffered damage and

Oak Lane paid $558,000.00 to replace that press.  Defendants refused to pay the entire cost to

replace the press, claiming that both polices only cover "the lesser of the cost of repair or

replacement."  Oak Lane brings this declaratory judgment and breach of contract action to

enforce their insurance contract, which they claim entitles them to indemnification for the entire

replacement value of the damaged printing press.  Plaintiff also asserts a claim for bad faith

pursuant to 42 Pa. C.S.A. § 8371.

## II.    Plaintiff's Motion to Compel Full and Complete Answers to Plaintiff's Request for Production of Documents 1-22 and Compel Production of Documents:

Plaintiff's Motion avers that the parties present discovery dispute began on December 16,

2005.  At that time, Plaintiff served a Request for Production of Documents on Defendant.

Defendants subsequently filed Objections to Plaintiff's Request.  Plaintiff avers to have

attempted to resolve the discovery dispute without court intervention but its attempts were

unsuccessful.  Thus, Plaintiff filed a Motion to Strike Defendants' Objections to Plaintiff's

Request.  In its response, Defendants averred that " majority of the issues raised by Oak Lane's

motion to strike and compel are moot.  On January 9, 2007, defendants provided Oak Lane with

Supplemental Responses to Plaintiff's first request for Production of Documents and over 1200

pages of additional documents . . . ."  As a result of Defendants' assurances, this Court denied

Plaintiff's Motion to Compel.  However, Plaintiff avers, Defendants never fully complied with

---

[1]  The policies also covered any business income loss Oak Lane suffered as a result of damage to the printing press.
The Court, however, dismissed all business income loss claims on March 28, 2005.  *See* (Doc. 12.)

2

Plaintiff's request.  Plaintiff requests that this Court impose sanctions for Defendants' failure to produce the requested documents.

The following responses, according to Plaintiff, remain outstanding:

1.    Atlantic Mutual Insurance Company's Claims Manual and Claims Log;
2.    Communications of Counsel DLA Piper to and from any representatives from Hartford or Atlantic;
3.    All post complaint communications between counsel and their insured;
4.    Amount of reserve set aside during the adjustment process by Atlantic and Hartford;
5.    All file jackets and folders from the Claims log of both Atlantic and Hartford;
6.    All endorsements referenced in the certified Hartford and Atlantic Policies;
7.    The complete underwriting file from Hartford and Atlantic; and
8.    All financial statements of Hartford and Atlantic filed with the Pennsylvania Insurance Department for the years 1998 to the present.

**A.    Atlantic Mutual Insurance Company's Claims Manual and Claims Log; All file jackets and folders from the Claims log of both Atlantic and Hartford; All endorsements referenced in the certified Hartford and Atlantic Policies; and the complete underwriting file from Hartford and Atlantic have been provided.**

Plaintiff claims to have repeatedly requested Atlantic Mutual Insurance Company's Claims Manual and Claims Log, and Defendants have repeatedly promised to forward the items but without explanation, have not.  Defendants aver that Atlantic was initially unable to locate the claims manual and claims file due to extreme downsizing of Atlantic.  Defendants also assert that all file jackets and folders from the Claims log of both Atlantic and Hartford, all endorsements referenced in the certified Hartford and Atlantic Policies, and the complete underwriting file from Hartford and Atlantic have been provided.

During the May 11, 2007 discovery conference before this Court, both parties acknowledged that since the items have been produced, Plaintiff's motion is moot as it pertains

to items (1), (5), (6), and (7), namely Atlantic Mutual Insurance Company's Claims Manual and

Claims Log, all file jackets and folders from the Claims log of both Atlantic and Hartford, all

endorsements referenced in the certified Hartford and Atlantic Policies; and the complete

underwriting file from Hartford and Atlantic.  Thus, Plaintiff's claim is denied as moot as it

pertains to the aforementioned items.  Further, this Court does not deem sanctions appropriate at

this juncture.

**B.      Communications of Counsel DLA Piper to and from any representatives
          from Hartford or Atlantic; and all post complaint communications between
          counsel and their insured;**

On January 17, 2007, Plaintiff sent a Request for Production of Documents to

Defendants.  In response, Defendants provided a privilege log in which Defendants claim

attorney-client privilege as a basis for withholding certain documents.  Plaintiff claims that since

Defendants have asserted advice of counsel as a defense in Plaintiff's action for bad faith,

Defendants have waived attorney-client privilege as to discovery of communications with their

counsel during the adjustment process.  Plaintiff contends that by answering that their behavior

was in good faith and compliance with the law, Defendants are pleading that they were advised

on the law as it pertains to the adjustment of the insurance claim which is the subject matter of

this litigation.  Defendants deny that it has asserted advice of counsel as a defense.

Rule 26 provides that relevant but privileged matters are not discoverable.  Fed. R. Civ. P.

26(b)(1).  All claims and defenses in the instant action arise under state law.  Federal Rule of

Evidence 501 and 1101(c) instruct that, in determining the extent and scope of attorney-client

privilege, the court should apply state law.  The parties, through their briefings, refer this Court to

the privilege rules of the Commonwealth of Pennsylvania.  In Pennsylvania, the attorney-client

privilege is codified under 42 Pa. C.S.A. § 5928[2] which provides that the party seeking to

withhold communications on the basis of the attorney-client privilege has the initial burden of

demonstrating that:

> (1) the asserted holder of the privilege is or sought to be a client; (2) the person to whom the communication was made is a member of the bar of a court, or his subordinate, and is acting as a lawyer in connection with the communication; (3) the communication relates to a fact which the attorney was informed by the client without the presence of strangers for the purpose of securing primarily either an opinion of law, legal services , or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client.

> Rhone-Poulene Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994)

The privilege being properly invoked, the burden shifts to the party seeking disclosure of

the communications to demonstrate that one of the limited exceptions to privilege applies.  Id.  In

the present matter, no such exception applies.  Furthermore, there exists no exception to the

attorney-client privilege under Pennsylvania law for bad faith actions.  Dombach v. Allstate Ins.

Co., 1998 U.S. Dist. LEXIS 13241 (E.D. Pa. Aug. 27, 1998); Provident Life & Accident Co. v.

Nissenbaum, 1998 U.S. Dist. LEXIS 18576 *2 (E.D. Pa. Nov. 17 1998); See also Cantor v. The

Equitable Life Assur. Soc'y of the United States, 1998 WL 306208 (E.D. Pa. June 9, 1998)

(holding that counsel's legal opinions regarding the decision to deny a claim were protected by

the attorney-client privilege.)

This Court declines to follow Plaintiff's interpretation of the evidentiary privilege.  An

---

[2] Section 5928. Confidential communications to attorney

In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

exception to the privilege does not exist merely because Plaintiff has brought an action for bad faith.  Moreover, numerous courts have rejected Plaintiff's present argument that Defendants' right to assert the privilege is waived once it asserts that it acted in good faith.  See Fidelity and Deposit Co. of Maryland v. McCullough, 168 F.R.D. 516 (E.D. Pa. 1996) (citing Rhone-Poulene Rorer, Inc., 32 F.3d 851.  Nor is the privilege waived because the advice of counsel is relevant to the defense of an action for bad faith.  Rhone-Poulene Rorer, Inc., 32 F.3d at 863.  "Advice is not in issue merely because it is relevant and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant matter.  Id.  Advice of counsel is at issue only where a party attempts to prove its defense by disclosing attorney-client communications.  George v. Wausau Ins. Co., 2000 U.S. Dist. LEXIS 16813 (E.D. Pa. Nov. 21, 2000).  Thus an advice of counsel defense must be raised with sufficient specificity and cannot be raised by tenuous conjecture.  See Robertson v.Allstate Ins. Co., 1999 U.S. Dist. LEXIS 2991 (E.D. Pa. Mar. 10, 1999) (insurer must take an"affirmative step" in the litigation to place the advice of the attorney in issue).

No such affirmative step has been taken in the instant action.  Defendants' answer does no more than deny Plaintiff's principle allegations and, thus, cannot serve to set forth an advice of counsel defense.  See Sayre Enter. v. Allstate Ins. Co., 2006 U.S. Dist. LEXIS 89097 at * 12 (December 8, 2006).  Furthermore, during a discovery conference held before the Court on May 11, 2007, Defendants assured both the Court and Plaintiff that it does not intend to raise or pursue advice of counsel as a defense.  Defendants' attorney-client privilege remains intact.[3]

---

[3] It is axiomatic, however,that the protection afforded to documents due to the confidential communication contained therein, may be inapplicable to facts incorporated in the communication.  Rhone-Poulene Rorer, Inc., 32 F.3d at 862.  Plaintiff requests that this Court conduct an in camera review of the withheld documents to determine

C.     **Amount of reserve set aside during the adjustment process by Atlantic and Hartford**

Plaintiff contends that the amount of reserve is relevant and discoverable since in this bad faith action, Plaintiff maintains that Defendants failed to properly handle the claim.  Essentially Plaintiff argues that reserve information is relevant *because* this is an action for bad faith. However, reserve information must be relevant to a specific issue presented in a bad faith action. For instance, reserve information is relevant to a bad faith claim where the insurer fails to settle or where there is a disputed issue regarding the value of the claim.  See North River Ins. v. Greater New York Mut. Ins. Co., 872 F. Supp. 1411 (E.D. Pa. 1995) (reserve information discoverable where primary insurance acted in bad faith in failing to settle within its policy limits before trial); Maiden Creek T.V. Appliance Inc. v. Gen. Cas. Ins. Co., 2005 U.S. Dist. LEXIS 14693 (E.D. Pa. July 21, 2005).

Plaintiff's bad faith claim is based on a Defendants' denial of coverage.  The amount established as reserves does not demonstrate that Defendants expected such claims to be covered by the policy and thus is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  See, e.g., Fidelity and Deposit Co. of Maryland, 168 F.R.D. 516. Plaintiff's motion to compel reserve information is denied.

II.    **Defendants' Motion to Compel Deposition Testimony and Plaintiff's Countermotion to Compel.**

During the May 11, 2007 discovery conference before this Court the parties' expressed

---

whether entries in the privilege log are discussions of fact or indeed privileged.  While this Court is willing to determine whether certain documents are indeed privileged, this Court is not inclined to expend judicial resources on extensive document review.  Thus counsel to urged to review the privilege log submitted by Defendants and carefully identify which documents are suspected to contain mere discussions of fact.  Only after careful and extensive review and consideration by Plaintiff of the privilege log, will this Court entertain requests for in camera review.

that these motions would be withdrawn.  Thus, they will be denied as moot without prejudice to re-filing.  An Appropriate Order Follows.

**AND NOW**, on this ___ day of June 2007, upon consideration of Plaintiff's Motion to Compel Full and Complete Answers to Plaintiff's Request for Production of Documents 1-22 and Compel Production of Documents (Doc. 45), Defendants' Motion to Compel Deposition Testimony (Doc. 43), and Plaintiff's Countermotion to Compel (Doc. 46), **IT IS HEREBY ORDERED and DECREED** that:

1.      Plaintiff's Motion to Compel (Doc. 45) is **DENIED**.

2.      Defendant Motion to Compel (Doc. 43) and Plaintiff's Countermotion to Compel (Doc. 46) are **DENIED AS MOOT** without prejudice to re-filing.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**